UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHERYL SMITH,                      )
                                   )
          Plaintiff,               )
     v.                            )   CASE NO. 1:05-cv-238-DFH-VSS
                                   )
HOLLY TURNER, et al.,              )
                                   )
          Defendants.              )

ENTRY DISCUSSING PENDING MOTIONS

Just after the two year anniversary of an automobile accident in which plaintiff Sheryl Smith sustained injuries, she filed suit against what the court has discerned to be three groups of defendants: individuals connected with the accident; an insurance company; and numerous credit reporting and/or collection entities. Ms. Smith is proceeding pro se, and she claims entitlement to millions of dollars in damages. Various motions are pending and further proceedings must be directed.

I.

The automobile accident occurred in Indiana, and the defendants directly connected with the accident are all Indiana citizens, as is Ms. Smith. All claims against these defendants appear to arise under state law. Defendants Holly Turner and John Einhaus filed motions to dismiss asserting, among other

grounds, that the court lacks subject matter jurisdiction. Defendants Sylvester Young and Roger Young filed motions to dismiss on the basis that the claims were not timely filed in light of Indiana's two year statute of limitations for personal injury claims. See Ind. Code § 34-11-2-4(1). Through the Entry entered on August 4, 2005, the court directed Smith to file a statement setting forth the basis for the existence of the court's subject matter jurisdiction as to the claims asserted against defendants Sylvester and Roger Young. Through that same Entry, the court notified the parties that the court may rely on the plaintiff's statement in determining whether the court has subject matter jurisdiction over the claims asserted against Sylvester and Roger Young, and in resolving the pending motions to dismiss filed by defendants Turner and Einhaus.

Smith has responded to the motions to dismiss on the issue of the applicable statute of limitations, but has failed to respond to the issue of subject matter jurisdiction.

Smith's motion requesting an order denying dismissal of plaintiff's complaint, filed on April 21, 2005, is construed as her initial response to the motions to dismiss and therefore requires no ruling. Einhaus also filed a renewed motion to dismiss on September 21, 2005.

Subject matter jurisdiction defines a court's authority to hear a given type of case. *United States v. Morton,* 467 U.S. 822, 828 (1984); *Jackson v. Seaboard*

*Coast Line R.R. Co.,* 678 F.2d 992, 1000-01 (11th Cir. 1982) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties."). Federal courts are courts of limited jurisdiction. "Jurisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction . . . . [T]his reflects the constitutional source of federal judicial power:  Apart from [the Supreme] Court, that power only exists 'in such inferior Courts as the Congress may from time to time ordain and establish.' Art. III, § 1." *Insurance Corp. v. Compagnie des Bauxites,* 456 U.S. 694, 701-02 (1982).

In civil cases, the vast majority of cases fall under either federal question jurisdiction, where the claim arises under federal law, see 28 U.S.C. § 1331, and cases in which there is complete diversity of citizenship between the plaintiffs and the defendants.  See 28 U.S.C. § 1332.  A court's diversity jurisdiction can be invoked only when the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *Id.*

No federal question is presented in the claims asserted against Turner, Einhaus, and Sylvester and Roger Young.  In addition, the plaintiff has not alleged complete diversity of citizenship as to the parties.  There is no other identifiable basis for federal jurisdiction in this case.  The claims against these four defendants are so distinct from the claims against the insurance company and the

credit reporting and collection agencies that supplemental jurisdiction is not available under 28 U.S.C. § 1367.  Accordingly, the court must conclude that there is no basis for this court to exercise subject matter jurisdiction over the claims against these four defendants.

If the court lacks jurisdiction over the subject matter, its only proper course is to note that fact and dismiss the claims on that ground.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998).   That is the disposition required in this action. Therefore, the claims asserted against Holly Turner, Sylvester Young, Roger Young, and John Einhaus must be **dismissed** on the basis that this court lacks subject matter jurisdiction. The motions to dismiss filed by Turner and Einhaus are **granted** and the motions to dismiss filed by Sylvester and Roger Young are **denied as moot** in light of this dismissal on jurisdictional grounds.  Because no jurisdiction exists as to these claims, the court may not proceed to consider the statute of limitations or other arguments made in the motions to dismiss.  There is no just reason for delay in the entry of judgment.  See Rule 54(b) of the *Federal Rules of Civil Procedure.*  By separate entry today, the court directs entry of a partial final judgment on the claims against these defendants, and a separate partial final judgment consistent with this ruling shall now issue.

II.

The motion to dismiss plaintiff's complaint or for alternative relief, filed by Experian on January 23, 2006, seeks sanctions in the form of dismissal or specific relief short of dismissal, for the plaintiff's continued refusal to respond to written discovery served by Experian on August 24, 2005.  Smith has failed to respond to Experian's motion to dismiss.  At the pretrial conference conducted on December 12, 2005, at which Smith did not appear, the court granted Experian's (and Equifax's) motions to compel responses to written discovery.  Through the Entry discussing that conference, Smith was given through January 6, 2006, in which to respond to all written discovery requests which had been served by those defendants.  Smith failed to do so.  Instead, she filed three motions for protective orders on January 3, 2006, arguing that the interrogatories served by Experian, Equifax, and Trans Union were overly burdensome.  Smith's characterization of the interrogatories is meritless and is asserted too late.

If Smith objected to the interrogatories, the time to do it was 30 days after she was served with the interrogatories.  The court might have considered objections if she had raised them in response to the November 3, 2005, motion to compel.  It is even possible that the court might have considered those objections at the pretrial conference that resulted in the granting of the motions to compel.  In the face of Smith's silence and failures to respond, Magistrate Judge Shields properly granted Experian's motion to compel and ordered Smith to respond to the

discovery requests. Smith's time to raise any objections to the requests has long passed.

Based on Smith's continued refusal to participate in the discovery process and her continued failure to comply with orders of this court, **appropriate sanctions are warranted**. Accordingly, the claims against Experian and Equifax **are dismissed with prejudice** subject to Smith's request to reinstate such claims *if* (a) such request is filed no later than **April 14, 2006**, (b) the request for reinstatement is accompanied by a showing that all delinquent discovery has been provided, (c) Smith shows good cause for her late responses, *and* (d) the plaintiff pays a monetary fine to the Clerk of the Court in the amount of Three Hundred Dollars ($300.00). (Defendants have suggested such a financial sanction rather than any payment to defendants.) Under only these circumstances will the court consider the reinstatement of such claims. The motion to dismiss filed by Experian on January 23, 2006, is granted only to the extent consistent with the foregoing. Unlike the situation with respect to the claims resolved in Part I of this Entry, the court does not direct the issuance of partial final judgment at this time as to the dismissal of the claims against Experian and Equifax.

### III.

Smith's motions for protective order for unduly burdensome interrogatories, filed on January 3, 2006, against defendants Experian and Equifax are **denied as moot** in light of the ruling issued in Part II of this Entry.

Smith's motion for protective order for unduly burdensome interrogatories, filed on January 3, 2006, against defendant Trans Union is **denied** as meritless. Smith shall have **twenty (20) days** from the date of issuance of this Entry in which to serve her responses to the written discovery served on her by Trans Union.

IV.

On January 3, 2006, Smith filed a motion for appeal on pretrial Magistrate Judge Shields. In the motion, plaintiff states that she "was not informed that she had a choice to refuse Magistrate Judge Shields under Title 28, U.S.C. 636(c)." This case has not been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(c). Moreover, parties do not have a choice over which magistrate judge is assigned to the action and which magistrate judge thereby participates in pretrial proceedings in this case. Any relief sought through Smith's motion is denied.

V.

Smith's motion to accept corrected amended complaint for damages, filed on January 3, 2006, is **granted** consistent with the following.

The complaint for damages filed on February 17, 2005, is **amended by interlineation** to include the following statement:

> 72. August 5, 2005, **Plaintiff's Exhibit MMM**, Creditor unable to verify plaintiff, because Equifax still has credit file frozen/on-hold, so creditors can't view.

Smith shall have **twenty (20) days** in which to file Exhibit MMM.  At this time, Equifax need not file an amended answer or other response to the amendment of the complaint as specified above.  In addition, the dismissal of the claim against Equifax in Part II of this Entry includes the dismissal of any claim which the above amendment might be construed to assert, but such claim is also subject to reinstatement as specified in Part II of this Entry.

    So ordered.

Date:   3/29/06

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

Ryan G. Duffin
DUFFIN & HASH LLP
dhlaw@duffinandhash.com

John Joseph Friedline
KILPATRICK STOCKTON LLP
jfriedline@kilpatrickstockton.com

Joseph W. Gelwicks
RENDIGS FRY KIELY & DENNIS LLP
jgelwicks@rendigs.com

Dennis E. Harrold
MCNEELY STEPHENSON THOPY & HARROLD
deh@msth.com

Robert Wayne Hash
DUFFIN & HASH LLP
rwhash@duffinandhash.com

Curtis W. McCauley
ICE MILLER LLP
mccauley@icemiller.com

James Elbert Pruett
prulaw@etczone.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Thomas Edward Rosta
KOPKA PINKUS DOLIN & EADS PC
terosta@kpdlawfirm.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Karey Vering Skiermont
JONES DAY
kskiermont@jonesday.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Robert G. Weddle
TABBERT HAHN EARNEST & WEDDLE LLP
rgw@tabberthahn.com

John Matthew Wright
JONES DAY
jwright@jonesday.com

SHERYL SMITH
973 N. Shadeland Avenue
Indianapolis, IN 46219