UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHERYL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:05-cv-238-DFH-JMS |
| ) | |
| INDIANA MUTUAL CREDIT ASSOCIATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Pending Motions**

As used in this Entry, "Smith" refers to the plaintiff, Sheryl Smith, "Premier" refers to Premier Recovery, Inc., "State Farm" refers to State Farm Mutual Insurance Company, "IMC" refers to the Indiana Mutual Credit Association, "Collection Associates" refers to Collection Associates, Inc., "Hospital" refers to Margaret Mary Community Hospital, "FDCPA" refers to the Fair Debt Collection Practices Act, and "FCRA" refers to the Fair Credit Reporting Act. Premier, IMC, and Collection Associates are referred to collectively as the "Collection Agency Defendants."

For the reasons explained in this Entry, the motions for summary judgment filed by the Collection Agency Defendants must be granted.

**I. Summary Judgment Standard**

A motion for summary judgment is to be granted pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure* "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

Although the moving parties must initially identify the basis for their contention that no genuine issue of material fact exists, the non-moving party cannot rest on her pleadings, but must produce her own evidence. *Hughes v. Joliet Correctional Ctr.,* 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the non-moving party who bears the burden of proof on an issue allege specific facts showing that there is a genuine issue for trial by her own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.,* 477 U.S. at 324. Because Smith is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1989), was issued relative to the pending motions for summary judgment. Through this notice, Smith was notified of the nature of the pending motions, of the proper manner in which to respond, and of the consequences of failing to respond.

Smith has not opposed the motions for summary judgment with any evidentiary materials. In fact, she has not opposed the motion of Collection Associates at all. She has made a narrative response to the motion filed by Premier, but this response has no evidentiary significance because it was not signed under oath. See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . . As such, we can simply ignore them."). "[A] party's failure to comply with summary judgment

2

evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003). There is no reason to stray from the ordinary rule in this case. As the result of Local Rule 56.1(h), this failure has a specific consequence, which is that the factual assertions on which the motions for summary judgment are based and which are supported by the evidentiary record are accepted as true for the purpose of resolving those motions. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is a requirement fully warranting enforcement, even when the nonmovant is proceeding without counsel. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994) (collecting numerous cases). This does not alter the standard for assessing the Rule 56(c) motions, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Background

On February 17, 2005, Smith filed this action against Premier and IMC, among others. Her claims against the Collection Agency Defendants are that these defendants violated the FDCPA, violated the FCRA, and defamed her.

The overall background to the remaining claims is this: On or about February 1, 2003, Smith was involved in an automobile accident in Ripley County, Indiana. As a result of the accident, Smith sustained injuries that required medical treatment. Medical providers who rendered services to Smith for these injuries were Clarian Health Partners ("Clarian"), Radiologic Specialists of Indiana, Inc. ("Radiologic"), and Batesville Primary Care ("BPC"). These services generated certain bills. Those bills, once unpaid, were turned over to collection agencies. On or about December 31, 2003, Smith's attorney started paying Smith's medical bills. The claims against the Collection Agency defendants, as explained in paragraph 4 of the Entry issued on August 4, 2005, are that they "failed to cease collection efforts on certain medical bills even after they had been notified that the bills at issue had been paid. The plaintiff further alleges that these defendants failed to have correct information reported to credit reporting agencies after they had been notified that certain bills had been paid. The plaintiff also asserts defamation claims against these defendants."

## III. Applicable Law

### A. The FCRA

Section 1681s-2 of the FCRA imposes certain responsibilities upon persons who furnish information to credit reporting agencies. A furnisher is defined as a person who

"regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer." 15 U.S.C. § 1681s-2(a)(2). Subsection (a) imposes a general duty to report accurate information. Subsection (b) imposes a duty to respond to consumers' disputes about reported information. 15 U.S.C. § 1681s-2.

### B.  The FDCPA

Under the FDCPA, a debt collector is subject to civil liability, see 15 U.S.C. § 1692k(a), if it "use[s] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, or if it "use[s] unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. The statute, however, also affords debt collectors an affirmative defense, called the bona fide error defense. Under this defense, "[a] debt collector may not be held liable [under the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c).

### IV.  Discussion

The Collection Agency Defendants each fall within the purview of the FCRA. 15 U.S.C. § 1681s-2. Accounts for medical services were turned over by the following medical providers to the collection agency indicated:

| | |
|---|---|
| Clarian | IMC |
| Radiologic | IMC |
| Hospital | Premier |
| BPC | Collection Associates |

The following features are common to the transactions with and actions of each of the Collection Agency Defendants:

5

- The accounts were turned over for collection in late October 2003. At this time, there was no known dispute concerning the amount or validity of the bills.

- On or about December 31, 2003, Smith's attorney started paying Smith's medical bills.

- In December 2003 and January 2004, certain of these accounts (those as to which the Collection Agency Defendants had no notice of payment) were reported to credit reporting agencies. At the time of the reporting just described, the Collection Agency Defendants had no information of any payment or dispute concerning the accounts, and each of these accounts was past due.

- When made aware of payment on the accounts which had been turned over to them for collection, each of the Collection Agency Defendants transmitted that information to the credit reporting agencies and ceased collection activities. The exception to the foregoing is that in May 2004, Collection Associates mistakenly reported an account, referring to it as a "paid and disputed" collection account, to the 3 major credit reporting agencies. Collection Associates realized this error on September 20, 2004, at which time it electronically deleted that account from Smith's credit record and sent confirmation of this action to Smith on September 23, 2004. Similarly, an adjustment to the information IMC had supplied to credit reporting agencies Trans Union and CSC was made in September and October 2004, noting that the account pertaining to services provided by Radiologic had been paid and had been disputed by Smith. The notation was deleted shortly after notification by each of these credit reporting agencies.

On the basis of the foregoing, and taking into account the specific actionable conduct attributed to each of the Collection Agency Defendants, the following conclusions are reached:

- It is true that the FCRA limits the persons who may obtain consumer credit reports. 15 U.S.C. § 1681b. However, the action of any of the Collection Agency Defendants in requesting Smith's credit history is not actionable under the FCRA, because "any consumer reporting agency may furnish a consumer report . . . [t]o a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . or otherwise has a legitimate business need for the information . . . ." *Id.* "[C]ollection of an account [is] a permissible purpose for requesting a credit report." *Allen v. Kirkland & Ellis,* 1992 WL 206285, *2 (N.D.Ill. 1992). There is no requirement, moreover, that these defendants obtain Smith's permission prior to making such request.

6

- Collection Associates and IMC complied with the curative steps required by 15 U.S.C. §1681s-2(a)(2) when they discovered error in having provided inaccurate information to one or more credit reporting agencies. Thus, Collection Associates and IMC complied with the requirements of the pertinent statute.[1]

- Smith's contention that IMC violated the FCRA by incorrectly reporting a debt (the Radiologic account) that was paid does not support her claim, because the FCRA does not provide a civil cause of action for furnishing inaccurate information. 15 U.S.C. §1681s-2(c) (2003). 15 U.S.C. §§ 1681n and 1681o impose civil liability on "any person" violating duties under FCRA. 15 U.S.C. §§ 1681n, 1681o. Section 1681s-2(b) imposes duties on furnishers of information to, *inter alia,* investigate disputed information and report the results of any such investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b). The liability imposed under § 1681n and § 1681o, however, "do[es] not apply to any violation of subsection (a) of [§ 1681s-2]." 15 U.S.C § 1681s-2(c). The FCRA expressly provides that § 1681s-2(a), establishing the duty of furnishers of information to provide accurate information, "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d). Thus, the FCRA bars consumers from bringing a private cause of action against a furnisher of credit information for failing to provide accurate information, because the authority to pursue such claims falls within the province of federal and state agencies. *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059 (9th Cir. 2002). This statutory structure deprives Smith of a viable claim against IMC or any of the Collection Agency Defendants based on their alleged incorrectly reporting a debt to a credit reporting agency.

- The only provision under which Smith could maintain a private right of action against IMC and Collection Associates, as furnishers of information, is § 1681 s-2(b). See *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059-60 (9th Cir. 2002). Section 1681s-2(b) requires that, upon receipt of a notice of dispute from a credit reporting agency, a furnisher of information is required to conduct an investigation, review relevant information provided by the credit reporting agency, report the results of the investigation, and, in the event the investigation determines that the information is either incomplete or inaccurate, report those results to all agencies to whom the furnisher reports such information. 15 U.S.C. § 1681s-2(b)(1)(A)-(D). A prerequisite for a claim under § 1681s-2(b) is that IMC and Collection Associates, as furnishers of information, received notice of a dispute from a credit reporting agency. See 15 U.S.C. §§ 1681i, 1681s-2(b).

---

[1]Although there is currently no private cause of action for a violation of 1681m, *Perry v. First Nat'l Bank,* 459 F.3d 816, 819, 823 (7th Cir. 2006)("Congress amended parts of 15 U.S.C. § 1681m on December 4, 2003, as part of the Fair and Accurate Credit Transactions Act ("FACTA"), Pub.L. 108-159. . . . The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m."), the effective date of the FACTA was December 4, 2004. See Pub.L. No. 108-159, 117 Stat.1952 (2003). This date was after the events supporting Smith's claims in this case.

- The purpose of FCRA is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . " 15 U.S.C. § 1681(b); *Trikas v. Universal Card Servs. Corp. (UCS),* 351 F.Supp.2d 37, 41 (E.D.N.Y. 2005). As explained, and as required by Section 1681s-2(b), upon receipt of a notice of dispute from a credit reporting agency, Collection Associates and IMC complied with the curative steps required by 15 U.S.C. § 1681s-2(a)(2) when they discovered error in having provided inaccurate information to one or more such agencies. Thus, Collection Associates and IMC complied with the requirements of § 1681s-2(a)(2).

- None of the Collection Agency Defendants failed to respond to a consumer dispute presented to them by Smith under § 1681s-2(b). 15 U.S.C. § 1681n (civil liability for willful noncompliance with FCRA requirements); 15 U.S.C. § 1681o (civil liability for negligent noncompliance with FCRA requirements).

- The FDCPA applies to debt collectors in general and provides debtors with a remedy for abusive, fraudulent, and deceptive collection practices. Smith claims that the Collection Agency Defendants violated the FDCPA by processing the accounts which had been turned over to them without first validating those debts. However, no obligation for these defendants to have taken that step existed. *Hyman v. Tate,* 362 F.3d 965, 968 (7th Cir. 2004). "Courts do not impute to debt collectors other information that may be in creditors' files– for example, that debt has been paid or was bogus to start with. This is why debt collectors send out notices informing debtors of their entitlement to require verification and to contest claims. 15 U.S.C. § 1692g." *Randolph v. IMBS, Inc.,* 368 F.3d 726, 729 (7th Cir. 2004). "If [the debt is] not disputed, the collector may assume the debt to be valid." *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir. 1996). Furthermore, any oversight or error identified as having been committed by the Collection Agency Defendants in this case is rendered non-actionable by the bona fide error defense. Under this defense, "[a] debt collector may not be held liable [under the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The FDCPA claim, therefore, cannot go forward because the Collection Agency Defendants are entitled to judgment as a matter of law.

- Smith's claim of defamation against the Collection Agency Defendants is not viable because the limitations of such a claim contained in 15 U.S.C. § 1681h(e) cannot be satisfied here. Specifically, such a claim is prohibited unless a furnisher of information to a consumer reporting agency provides false information furnished with malice or willful intent to injure such consumer. The expanded record shows without contradiction by Smith that the Collection Agency Defendants did not act with malice or with willful intent to injure Smith in furnishing information to credit reporting agencies or in taking steps seeking the deletion or correction of such information. This precludes Smith from prevailing on her claim of defamation against

8

the Collection Agency Defendants. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(noting that Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial").

"'It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). Smith has not met that burden here, because in some respects applicable law does not support the existence of a private cause of action for the violations she alleges, and in every other respect the evidentiary record defeats the merits of her claims.

**V.**

The motions for summary judgment of the Collection Agency Defendants are therefore **granted.** As a result of this ruling, Smith's motion docketed as no. 146 is **denied,** and as a result of prior rulings in this case her motions docketed as no. 145 and as no. 149 are also **denied.** The resolution of the Collection Agency Defendants' motions for summary judgment does not resolve all claims against all parties, however, and the court does not find that the entry of partial final judgment is appropriate as to the resolution of the claims against the Collection Agency Defendants.

So ordered.

*David F. Hamilton*
_____
DAVID F. HAMILTON, Judge
United States District Court

Date: 3/15/2007

Distribution:

Sheryl Smith, 1427 West 86th Street, PMB 292, Indianapolis, IN 46260
Thomas E. Deer, LOCKE REYNOLDS LLP, tdeer@locke.com
John Joseph Friedline, KILPATRICK STOCKTON LLP, jfriedline@kilpatrickstockton.com
Curtis W. McCauley, ICE MILLER LLP, mccauley@icemiller.com
James Elbert Pruett, prulaw@etczone.com,
James W. Riley Jr., RILEY BENNETT & EGLOFF LLP, jriley@rbelaw.com
Thomas Edward Rosta, KOPKA PINKUS DOLIN & EADS PC, terosta@kpdlawfirm.com
Robert J. Schuckit, SCHUCKIT & ASSOCIATES, P.C., rschuckit@schuckitlaw.com
Karey Vering Skiermont, JONES DAY, kskiermont@jonesday.com
Peter A. Velde, KIGHTLINGER & GRAY, pvelde@k-glaw.com
Robert G. Weddle, TABBERT HAHN EARNEST & WEDDLE LLP, rgw@tabberthahn.com
John Matthew Wright, JONES DAY, jwright@jonesday.com