**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SHERYL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:05-cv-238-DFH-JMS |
| | ) | |
| STATE FARM INSURANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Pending Motions**

For the reasons explained in this Entry, the defendants' motions to dismiss and for summary judgment must be **granted.**

### I. Background

As used in this Entry, "Smith" refers to plaintiff Sheryl Smith, "CSC" refers to defendant CSC Credit Services, "Trans Union" refers to Trans Union, LLC., and "State Farm" refers to State Farm Insurance Company.

As a result of prior rulings in this case, and also as recited in paragraph 4 of the Entry issued on May 14, 2007, and the first paragraph of the Entry issued on April 26, 2007, the claims remaining in this case are those asserted against State Farm, Trans Union, and CSC.

Trans Union and CSC have filed separate motions to dismiss. The premise of each is that Smith completely failed to comply with the Order Compelling Discovery Responses issued on March 29, 2006. State Farm has filed a motion for summary judgment.

### II. Discussion

#### A. The Motions to Dismiss

On March 29, 2006, the court issued an Entry in which the plaintiff was ordered to respond to written discovery served by Trans Union. This was to be done within 20 days. The plaintiff has failed to comply with that order for over a year, and in consequence the proper development of this action has been needlessly forestalled. The same consequence has occurred with respect to the order of May 30, 2006, that the plaintiff respond to the written discovery served on her by CSC.

The *Federal Rules of Civil Procedure* contain provisions for the imposition of sanctions–even extreme sanctions such as the dismissal of a complaint–against parties who fail to adhere to the discovery provisions of those *Rules* or who fail to obey court orders issued in the course of the pretrial development of a lawsuit. *See Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003); *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir. 1992); *In re State Exchange Finance Co.*, 896 F.2d 1104 (7th Cir. 1990).

Other than proclaiming her general dissatisfaction with aspects of the manner in which the action has developed–a concern which the court has addressed–the plaintiff has not opposed the motions to dismiss of Trans Union or of CSC. Those motions, therefore, will be **granted.** Given the age of the case, the nature of the plaintiff's failure to prosecute, the prejudicial effect of her failure to participate in discovery, and the ineffectiveness of the dismissal for similar reasons of claims against other defendants, the dismissals shall be with prejudice. *See Fischer v. Cingular Wireless, LLC,* 446 F.3d 664 (7th Cir. 2006).

### B.  Motion for Summary Judgment

*Summary Judgment Standard.* State Farm seeks resolution of Smith's claims against it through the entry of summary judgment. This resolution of a claim or defense is appropriate "where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

The role of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Once a properly supported motion for summary judgment is made, the party that bears the burden of proof on a particular issue at trial cannot resist the motion by merely resting on its pleadings. *United States v. Lair*, 854 F.2d 233, 235 (7th Cir. 1988). Rather, the party opposing the motion must "affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988). This may be done through the designation of specific facts in affidavits, depositions, answers to interrogatories or admissions. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992).

Smith has opposed State Farm's motion for summary judgment, but has not relied on evidentiary materials to do so. "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases). There is no

reason to stray from the traditional remedy in this case. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The Seventh Circuit Court of Appeals has consistently "sustained entry of summary judgment where 'the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997)(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)).

Smith alleges that State Farm purposefully and maliciously mishandled her claim and took advantage of her. The setting of this claim is that Smith was involved in an automobile accident on February 1, 2003, at which time she was covered under automobile insurance policy Number 2691-207-14G issued by State Farm ("the policy"). The nature of this claim is that State Farm tortiously breached its duty to deal with Smith, its insured, in good faith. Smith may also be alleging a claim of defamation against State Farm.

*Breach of Duty Claim.* The elements of the breach of duty claim are expressed in a variety of actions in which an insurer may not engage. An insurance company's "obligation of good faith and fair dealing includes the obligation to refrain from [ ] : (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in payment; (3) deceiving the insured; and (4) exercising an unfair advantage to pressure an insured into settlement of his claim." *Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mut. Ins. Co.,* 779 N.E.2d 21, 26 (Ind.Ct.App. 2002) (citing *Erie Ins. Co. v. Hickman,* 622 N.E.2d 515, 519 (Ind. 1993)).

Smith made claims for payments pursuant to the terms of the policy. Her claims included (a) a claim for payment for damage to her automobile, and (b) a claim for payment for medical payments.

- With respect to the claim for damage to Smith's automobile, the undisputed facts show that State Farm responded promptly to each of Smith's contacts and concerns, State Farm arranged for repair of the vehicle and re-inspection of the vehicle at Smith's insistence because of repeated concerns with problems not related to the accident which had occurred on on February 1, 2003. This occurred from virtually the time of the accident until mid-August 2003, and even extended to the forwarding of photographs of the vehicle through the State Farm adjuster to Smith on February 2, 2005.

- With respect to the claim for medical payments, the undisputed facts show that an authorization for release for information was sent to Smith within a few months after the accident, Smith did not promptly execute the form, and when the signed authorization was received pertinent medical records were immediately requested. During this period of time Smith was represented by an attorney, with whom State Farm dealt. When the attorney requested payment of nearly $10,000 for future medical expenses, a written response was made one week later. Although the request was denied, the reason for its denial was given. At that same time, in

3

>January 2004, payments being made by State Farm were, with one exception, being made by State Farm directly to Smith and to her attorney. In the case of that exception, the payment was made directly to the medical provider. By September 29, 2004, payments had been made from State Farm to various medical providers who treated Smith, including Community Hospital, Medical Associates, Irvington Radiologists, Margaret Mary Community Hospital, and Glendale Chiropractics. On September 29, 2004, Smith advised State Farm of a new medical claim (the need for bladder surgery), and within one week a written response was sent by State Farm to Smith requesting additional information pertaining to this new medical claim. Within the following week, at Smith's request, State Farm supplied Smith with a breakdown of the $11,048.40 that was previously sent to Smith's attorney. This had brought the total payments made on Smith's behalf to $17,735.18. A further payment under the medical payments portion of the policy was made by State Farm on February 10, 2005.

The type of concerns presented by Smith related to either portion of the claims presented to State Farm for payment as a result of the accident of February 1, 2003. State Farm asserted its right to not pay for damage unrelated to that accident. In doing so, it was not making an unfounded refusal to pay policy proceeds or cause an unfounded delay in payment. The other elements of a claim such as Smith asserts are not implicated by the claim concerning the property damage claim to the automobile. The same is true as to Smith's claim for medical payments, which became somewhat protracted because of the manner in which Smith's services were reported to State Farm, because of Smith's delay in authorizing State Farm to obtain verification of those services, and because of the payment by State Farm of several sums directly to Smith and her attorney. The undisputed facts show that State Farm did not engage in any of the types of conduct which are the badges of an insurer's breach of its obligation of good faith and fair dealing.

>To prevail on a motion for summary judgment, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, (1986). A moving party may submit evidence that negates a material element of the respondent's claim or defense or show that there is no evidence to support an essential element of the respondent's claim or defense. *Id.,* 477 U.S. at 322-24; *Crescent Towing and Salvage Co. v. M/V Anax,* 40 F.3d 741, 744 (5th Cir. 1994).

>If the moving party alleges that there is no evidence to support an essential element of the respondent's claim or defense, the moving party need not produce evidence showing the absence of a genuine issue of fact on that essential element. Rather, the moving party need only show that the respondent, who bears the burden of proof, has adduced no evidence to support an essential element of his case. *See Celotex,* 477 U.S. at 325; *Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir. 1988).

>When the moving party has carried its summary-judgment burden, the respondent must go beyond the pleadings and by her own evidence set forth specific facts showing there is a genuine issue for trial. *Arbaugh v. Y & H Corp.,* 380 F.3d 219, 222 (5th Cir. 2004) (citing *Celotex Corp.,* 477 U.S. at 324); see also Fed. R. Civ. P. 56(e).

Thus, on summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial." *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). That is the case here. "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *judgment aff'd., Johnson v. Jones,* 515 U.S. 304 (1995).

*Defamation Claim.* Smith appears to also allege that State Farm defamed her through comments made by Bryan Graham in a letter giving an account of aspects of Smith's medical condition. The context of this letter is the following: On September 29, 2004, Smith advised Anna Krout that Smith needed bladder surgery because of loss of control suffered as a result of the accident that occurred on February 1, 2003. On October 5, 2004, Graham sent plaintiff a letter requesting additional information pertaining to this new medical claim. In doing so, Graham was simply investigating Smith's claims and gathering supporting documentation to make an informed decision regarding those claims.

An overview of defamation under Indiana law is the following:

> A defamatory communication is said to either be "defamatory *per se*" or "defamatory *per quod.*" A communication is defamatory per se if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct. All other defamatory communications are defamatory *per quod.* To maintain an action for either *per se* or *per quod* defamation the plaintiff must demonstrate (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. Actions for *per se* and *per quod* defamation are susceptible to different requirements with regard to the showing of damages. In an action for defamation *per se* the plaintiff is entitled to presumed damages as a natural and probable consequence of the *per se* defamation. In an action for defamation *per quod,* the plaintiff must demonstrate special damages.

*Kelley v. Tanoos*, 865 N.E.2d 593, 596-97 (Ind. 2007)(internal citations and quotations omitted).

Bryan Graham's letter states that Smith suffered from constipation as a result of injuries sustained in the accident of February 1, 2003. Graham's letter does not constitute defamation *per se*, because it does not impute one of the four specified matters needed to support such a claim. It also does not constitute defamation *per quod* under the circumstances of this case because there is no indication of malice. As with Smith's breach of duty claim, the absence of any evidence of these essential elements is fatal to Smith's claim of defamation. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996)("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party.").

5

### III. Conclusion

The motions to dismiss of Trans Union (dkt. #172) and of CSC Services (dkt. #185) are **granted.** The corresponding dismissals of the claims against these defendants shall be **with prejudice.** The motion for summary judgment of State Farm (dkt. #179) is **granted.** The motion for hearing filed by State Farm on January 9, 2008 (dkt. #196), is **denied** as unnecessary. Final judgment consistent with these rulings and with the rulings in the Entry issued on March 15, 2007, shall now issue. The costs of this action are assessed against the plaintiff.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 1/18/2008